UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HSBC MORTGAGE CORPORATION (USA),     Case No. 1:10-cv-947

    Plaintiff,                                          Barrett, J.
                                                             Bowman, M.J.

vs.

CATHERINE DOWNTON, *et al.,*

    Defendants.

## REPORT AND RECOMMENDATION

This matter is before the Court pursuant to Plaintiff HSBC Mortgage Corporation's Motion for Summary Judgment (Doc. 3), Motion for Remand (Doc. 5), and Motion for a Non-Oral Hearing on its Motion for Remand (Doc. 7). On July 6, 2010, Plaintiff commenced a foreclosure action in the Hamilton County Court of Common Pleas, case number A 1006318, against Defendants, Catherine Downton ("Downton"), Downton's unknown spouse ("Doe"), the Auditor of Hamilton County ("Auditor"), and the Treasurer of Hamilton County ("Treasurer") (Doc. 2). On December 30, 2010, Downton proceeding *pro se*, filed a Notice of Removal. (Doc. 1). On January 11, 2011, Plaintiff filed a Motion for Remand claiming that Downton's Notice of Removal is untimely and requested an immediate remand of the case to the Hamilton County Court of Common Pleas[1] (Doc. 5). For reasons stated herein, I recommend that Plaintiff's Motion for Remand be **GRANTED,** Plaintiff's Motion for Summary Judgment and Motion for a Non-Oral Hearing on its Motion for Remand be **DENIED AS MOOT**.

---

[1] The Court also acknowledges that Plaintiff claims that Downton's Notice of Removal violated the rule as to unanimity among defendants and the *Rooker-Feldman* doctrine. However, as the Court has determined that Defendant's Notice of Removal is untimely, the Court declines to address said issues further, except as to say, that Plaintiff's arguments have merit.

**I. Background**

On November 21, 2006, Downton obtained a loan from Plaintiff in the amount of $110,200.00. (Doc. 1-1 at 13). The loan was later secured by a mortgage with Plaintiff on a parcel of property located at 703 Cranford Drive, Cincinnati, Ohio, 45240. (*Id.*). On July 6, 2010, Plaintiff determined that the mortgage was in default, and filed a foreclosure action in the Court of Common Pleas, Hamilton County, Ohio, case number A 1006318. (Doc. 2). Plaintiff's Complaint named Downton, Doe, and the Treasurer and Auditor of Hamilton County as individuals or entities with an interest in the real property subject to the Complaint. (*Id.*).

On July 9, 2010, Downton was served with a copy of the Complaint. (Doc. 1). On August 2, 2010, Downton filed an Answer to Plaintiff's complaint. (Doc. 5 at 2). On September 30, 2010, Plaintiff filed its Motion for Summary Judgment claiming that Defendants' Answer raised no valid defense nor created an issue of fact. (Doc. 3). Defendants failed to respond to Plaintiff's motion. On December 21, 2010, Hamilton County Court of Common Pleas Magistrate, Michael L. Bachman, granted Plaintiff's motion for summary judgment. (Doc. 5-2). On December 30, 2010, five months after receiving service of Defendant's Complaint in the state court action, Downton filed the within Notice of Removal. (Doc. 1). In Downton's Notice of Removal, she asserts that the federal court has original jurisdiction over this matter under 28 U.S.C. § 1441(b) and 28 U.S.C. § 1332 through diversity of citizenship. (*Id.*).

**II. Analysis**

A defendant may remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." 28 U.S.C. §1441(a). A

civil action founded on a claim based on a federal statute may be removed regardless of the citizenship of the parties. 28 U.S.C. §1441(b). "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar, Inc. v. Williams,* 482 U.S. 386 (1987). To remove a civil action from state court to federal court, the defendant or defendants must file in the district court a notice of removal containing a short and plain statement of the grounds for removal within 30 days of service of the complaint. 28 U.S.C. §1441(a),(b).

The Notice of Removal in this case was not filed within 30 days of the date of service. Service is deemed to be complete when the fact of mailing is entered of record. Ohio R. Civ. P. 4.6(C) and (D). Plaintiff Downton admits to receiving a copy of the summons and complaint between July 8, 2010 and July 12, 2010, and the state court docket reflects valid service by private process server on July 9, 2010. (Doc. 1, Doc. 5-1). On September 30, 2010, Plaintiff filed a Motion for Summary Judgment. (Doc. 3). The Hamilton County Court of Common Pleas granted Plaintiff's Motion as it determined that the necessary parties had been properly served, and that Downton had failed to respond to Plaintiffs responsive pleading thereby setting forth no genuine issues as to any material facts. Because Defendants were determined to have been properly served when the fact of service was recorded on July 9, 2010, Defendant's filing of a Notice of Removal on December 30, 2010, was untimely.

Moreover, although Defendants want to now contest the validity of the mortgage loan, this Court cannot hear that matter anew. A judgment has been issued in this case by the Hamilton County Court of Common Pleas. A federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering

3

state. 28 U.S.C. § 1738; *Dubac v. Green Oak Township,* 312 F.3d 736, 744 (6th Cir. 2002). The preclusive effect of the previous state court judgments are therefore governed by Ohio law on preclusion. *Id.* Under Ohio law, an existing final judgment or decree is conclusive as to all claims which were or might have been litigated in the first lawsuit. *National Amusements v. Springdale,* 558 N.E.2d 1178 (Ohio 1990). The doctrine of *res judicata* requires a plaintiff to present every ground for relief in the first action he files, or forever be barred from asserting it. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Allen v. McCurry,* 449 U.S. 90, 94 (1980). The Ohio courts have already determined that service was properly perfected under the Ohio Rules of Civil Procedure, that the promissory note was valid and issued judgment against Downton in the amount of $106,329.83. This Court is bound to give full faith and credit to the decision of the Hamilton County Court of Common Pleas.

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED:**

1. That Plaintiff's Motion for Remand (Doc. 5) be **GRANTED** and that this matter be immediately remanded to the Court of Common Pleas, Hamilton County, Ohio;

2. That Plaintiff's Motion for Summary Judgment (Doc. 3) be **DENIED AS MOOT** for the reasons stated herein;

3. That Plaintiff's Motion for a Non-Oral Hearing on its Motion for Remand (Doc. 7) be **DENIED AS MOOT** for the reasons stated herein.

*s/Stephanie K. Bowman*
United States Magistrate Judge

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HSBC MORTGAGE CORPORATION (USA),     Case No. 1:10-cv-947

    Plaintiff,     Barrett, J.
                                        Bowman, M.J.

vs.

CATHERINE DOWNTON, *et al.,*

    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).